UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DELARCIE KELLEY DAVIS,          )
                               )
                Petitioner,    )
                               )
        v.                     )      No. 4:09CV505 HEA
                               )                  (FRB)
DON ROPER,[1]                  )
                               )
                Respondent.    )


**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on Missouri state prisoner Delarcie Kelley Davis's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for appropriate disposition.

**I. Procedural History**

On May 17, 2005, a jury in the Circuit Court of the City of St. Louis, Missouri, convicted petitioner of one count of Robbery First Degree and one count of Armed Criminal Action. (Resp. Exh. C at 32-33.) On June 24, 2005, petitioner was sentenced as a prior and persistent offender to two concurrent terms of twenty-five years' imprisonment. (Id. at 37-39.) On

---

[1]Petitioner is incarcerated at the Potosi Correctional Center (PCC) in Mineral Point, Missouri. Inasmuch as Troy Steele is Warden of PCC, he should be substituted for Don Roper as proper party respondent. Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

October 10, 2006, the Missouri Court of Appeals affirmed petitioner's conviction and sentence. <u>State v. Davis</u>, 203 S.W.3d 237 (Mo. Ct. App. 2006) (order) (*per curiam*). Mandate issued November 1, 2006. On January 11, 2007, petitioner filed a motion for post-conviction relief, which was subsequently amended by appointed counsel. The trial court denied the motion after a hearing. (Resp. Exh. H.) The Missouri Court of Appeals affirmed the denial of post-conviction relief on October 28, 2008. <u>Davis v. State</u>, 266 S.W.3d 888 (Mo. Ct. App. 2008) (order) (*per curiam*). Mandate issued November 20, 2008.

Petitioner filed the instant petition for writ of habeas corpus on March 30, 2009. In the petition, petitioner raises four claims for relief:

**Ground 1:** That trial counsel was ineffective for failing to object to the prosecutor's reading excerpts from the victim's medical records which referred to the robbery, arguing specifically that such reading constituted hearsay evidence and violated petitioner's rights under the Confrontation Clause;

**Ground 2:** That trial counsel was ineffective for failing to redact language referencing the robbery from the victim's medical records;

**Ground 3:** That direct appeal counsel was ineffective for failing to raise on appeal a claim that the trial court erred in overruling petitioner's objection to the hearsay contained in the victim's medical records; and

**Ground 4:** That trial counsel was ineffective for failing to investigate petitioner's mental capacity and for failing to request a mental evaluation.

In response, respondent contends that the claims raised in Grounds 2 and 4 of the instant petition are procedurally barred from federal habeas review inasmuch as petitioner failed to properly pursue the claims in state court. Alternatively, respondent contends that the claims are without merit and should be denied. With respect to the claims raised in Grounds 1 and 3, respondent contends that the claims are without merit and should be denied.

## II. Exhaustion Analysis

A petitioner must exhaust his state law remedies before the federal court can grant relief on the merits of his claims in a habeas petition. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The Court must first examine whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988); see also Boerckel, 526 U.S. at 848. If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. Smittie, 843 F.2d at 296. When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the alleged unconstitutional error, or that a fundamental miscarriage of justice would occur if the

Court were not to address the claims. <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991); <u>Wainwright v. Sykes</u>, 433 U.S. 72, 87 (1977); <u>Keithley v. Hopkins</u>, 43 F.3d 1216, 1217 (8th Cir. 1995); <u>Stokes v. Armontrout</u>, 893 F.2d 152, 155 (8th Cir. 1989). Before reviewing any claims raised in a habeas petition, the Court may require that every ground advanced by the petitioner survive this exhaustion analysis. <u>Rhines v. Weber</u>, 544 U.S. 269 (2005).

A review of the record shows petitioner's claims for relief to be exhausted because petitioner either properly raised the claims in state court upon which they were determined on their merits, or because petitioner has no available non-futile state remedies by which he could now pursue his claims.

### III. Background

On direct appeal, the Missouri Court of Appeals summarized the relevant facts adduced at trial as follows:

> . . . [O]n June 2, 2003, Defendant was loitering in the parking lot of a gas station near Interstate 70 and Shreve in St. Louis, when Gail Szymula, who was on her way to work at Lambert-St. Louis International Airport, stopped for gas. Defendant got into his car and pulled up to the pump next to Ms. Szymula's car. After refueling, Ms. Szymula asked Defendant for directions back to Interstate 70. As Ms. Szymula was starting to get into her car, Defendant grabbed the door, reached inside, and took her purse from the passenger seat. Defendant started back to his car with Ms. Szymula's purse. Ms. Szymula grabbed for her purse and was stabbed in the hand.

Ms. Szymula continued to follow Defendant to his car in an attempt to recover her purse. When she saw another man in Defendant's car, she abandoned her efforts and began screaming for the police. Defendant drove off in his car. Ms. Szymula told Mohammed Said Alkhafabshem, the gas station cashier, what had happened and he called 911. An ambulance took Ms. Szymula to Barnes Hospital. Doctors stitched the two-inch laceration on her right hand, placed her on antibiotics and released her. On June 10, 2003, Ms. Szymula underwent a three-hour surgery to repair the damage to her hand.

Police officers reviewed the gas station's surveillance tape. The tape did not show the actual robbery, but Mr. Alkhafabshem pointed out Defendant and his vehicle to the officers. Approximately, [sic] one week after the robbery, police investigators located Defendant and connected him to the car seen in the tape. Ms. Szymula identified Defendant from a photo array as the man who robbed her.

(Resp. Exh. E, Memo. at 2-3.)[2]

As is relevant to the claims raised in the instant petition, a review of the record shows that the prosecutor was permitted at trial to read to the jury excerpts from Ms. Szymula's medical records from Barnes-Jewish Hospital:

The next thing I'd like to read is from some more Barnes-Jewish records reflecting that a surgery occurred on June 10th of 2000. It should be 2003.

The surgeon was a Thomas Tung, T-u-n-g, M.D. It says preoperative diagnosis:

[2]Inasmuch as petitioner does not rebut these factual findings with clear and convincing evidence, such findings are presumed by this Court to be correct. 28 U.S.C. § 2254(e)(1).

Laceration of right small finger digital nerve and flexor tendons.

Post-operative diagnosis: Laceration of right small finger digital nerve and flexor tendons.

Name of operation: Primary nerve repair of common digital nerve fourth web space and digital nerve to fifth finger. Two: Primary repair of small finger FDP and FDS tendons.

Indications for procedure: This patient is a fifty-five year old Caucasian woman who sustained a stab wound to her hand while being robbed at a gas station approximately one week ago.

She was found to have complete anesthesia of her fifth finger as well as an inability to flex her fifth finger.

After discussions of risks and benefits, she elected to proceed with surgical exploration and management.

And that's all at this point.

(Resp. Exh. D at 242-43.)

Defense counsel objected to the prosecutor's reading of this excerpt, arguing specifically that the reference to Ms. Szymula being cut during a robbery constituted hearsay and improper bolstering. (Id. at 241.) The court overruled counsel's objection: "Your objection is overruled. The title of that section is Indications for Procedure. It appears to me that that's a history. . . . That is the reason for the operation." (Id.)

Against this backdrop, the undersigned proceeds to review petitioner's claims.

6

### IV.    Procedural Default

In his second and fourth grounds for relief, petitioner claims that he received ineffective assistance of trial counsel. For the following reasons, petitioner has failed to properly raise the claims in state court and thus the claims are procedurally barred from review in this federal habeas action.

A.    Ground 2 — Failure to Redact "Robbery" Language from Records

In his second ground for relief, petitioner claims that trial counsel was ineffective for failing to request the trial court to redact the "robbery" language from the medical and surgical reports prior to the prosecutor being permitted to read the reports to the jury.

A review of the record shows petitioner to have raised this claim in his post-conviction motion (Resp. Exh. H at 39-45), and on appeal of the denial of the motion (Resp. Exh. F at 20-21). However, on appeal, the Missouri Court of Appeals noted that petitioner "fail[ed] to develop his argument concerning the redaction issue beyond conclusory statements, and . . . cite[d] no authority to support his contention that trial counsel was ineffective in this regard." (Resp. Exh. J, Memo. at 4.)  The court of appeals determined that petitioner had therefore abandoned the claim inasmuch as petitioner did "not develop it with argument or support it with citation to authority," and thus declined to review the claim.  Id. (citing State v. Irby, 254 S.W.3d 181, 195

(Mo. Ct. App. 2008)).

Where a state appellate court specifically and clearly finds a claim to be procedurally barred on account of an appellant's failure to comply with the procedural requirements of applicable state law, such clear expression of procedural default constitutes an independent and adequate state ground upon which the state court denied relief and thus raises a procedural bar for federal habeas review. Pollard v. Delo, 28 F.3d 887, 889 (8th Cir. 1994). The claim raised in Ground 2 of the instant petition was rejected by the Missouri Court of Appeals on account of petitioner's failure to comply with the state appellate court's requirement that a claim raised on appeal must be developed in the argument section of the appellate brief with citation to authority. See Irby, 254 S.W.3d at 195; State v. Dodd, 10 S.W.3d 546, 556 (Mo. Ct. App. 1999); State v. Conaway, 912 S.W.2d 92 (Mo. Ct. App. 1995); Freeman v. State, 765 S.W.2d 334, 335 (Mo. Ct. App. 1989), and cases cited therein. Inasmuch as this reasoning constitutes an independent and adequate state ground upon which to deny petitioner relief on this claim, petitioner is procedurally barred from pursuing the claim here. Coleman, 501 U.S. at 731-33. Therefore, this Court cannot reach the merits of the claim absent a showing of cause for petitioner's default and prejudice resulting therefrom, or a demonstration "that failure to consider the claim[] will result in a fundamental miscarriage of justice." Id. at 750.

Although petitioner neither asserts nor shows cause for or prejudice as a result of his failure to properly pursue this claim in state court, the undersigned is aware that mental illness may constitute cause to excuse a procedural default.[3]  See Holt v. Bowersox, 191 F.3d 970, 974 (8th Cir. 1999).  To constitute cause, however, "there must be a conclusive showing that mental illness interfered with [the] petitioner's ability to appreciate his . . . position and make rational decisions regarding his . . . case at the time during which he . . . should have pursued post-conviction relief."  Id. (citing Garrett v. Groose, 99 F.3d 283, 285 (8th Cir. 1996); Nachtigall v. Class, 48 F.3d 1076, 1080-81 (8th Cir. 1995); Stanley v. Lockhart, 941 F.2d 707, 708-10 (8th Cir. 1991)).  "Mental illness prejudices a petitioner if it interferes with or impedes his . . . ability to comply with state procedural requirements[.]"  Id. (citing Malone v. Vasquez, 138 F.3d 711, 719 (8th Cir. 1998)).

In the instant cause, there is no conclusive showing that mental illness interfered with petitioner's ability to comply with state procedural rules.  First, a review of petitioner's post-conviction motion shows it to have articulately raised cognizable claims for relief.  (Resp. Exh. H.)  Likewise, a review

---

[3]Inasmuch as petitioner alludes to his alleged mental incapacity in his fourth ground for relief, the undersigned considers it appropriate to discuss mental disease or defect as possible cause for petitioner's procedural default of the instant claim.

of petitioner's appellate brief on post-conviction appeal shows well-developed argument with citations to authority in support of petitioner's other claims presented.  (Resp. Exh. F.)  It thus appears that when considering how to proceed on the instant claim on post-conviction appeal, petitioner possessed "the capacity to appreciate his situation and make rational decisions."  <u>Holt</u>, 191 F.3d at 975.  As such, any mental illness purportedly suffered by petitioner does not constitute cause to excuse his procedural default.

Petitioner has thus failed to establish cause to excuse his procedural default, thus obviating the need to determine whether prejudice has been shown.  <u>Sherron v. Norris</u>, 69 F.3d 285, 289 (8th Cir. 1995).  In his Traverse, however, petitioner appears to claim that he is actually innocent of the crimes of which he was convicted.  Such bare assertion, with nothing more, is insufficient to invoke the "fundamental miscarriage of justice" exception to the cause and prejudice standard.  To raise the fundamental miscarriage of justice exception, petitioner must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted."  <u>Abdi v. Hatch</u>, 450 F.3d 334, 338 (8th Cir. 2006); <u>see also</u> <u>Brownlow v. Groose</u>, 66 F.3d 997, 999 (8th Cir. 1995).  "[A] claim of 'actual innocence' is . . . a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  <u>Mansfield v.</u>

<u>Dormire</u>, 202 F.3d 1018, 1024 (8th Cir. 2000). To successfully pursue a claim of actual innocence, petitioner must show 1) new reliable evidence not available at trial; and 2) that, more likely than not, no reasonable juror would have convicted petitioner in light of the new evidence. <u>Amrine v. Bowersox</u>, 238 F.3d 1023, 1029 (8th Cir. 2001); <u>see also</u> <u>Kidd v. Norman</u>, 651 F.3d 947 (8th Cir. 2011). Here, petitioner presents no new reliable evidence of his actual innocence. <u>Schlup v. Delo</u>, 513 U.S. 298, 316 (1995) ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."); <u>Weeks v. Bowersox</u>, 119 F.3d 1342, 1352-53 (8th Cir. 1997) (en banc) (bare, conclusory assertion that a petitioner is actually innocent insufficient to excuse a procedural default). Inasmuch as petitioner has failed to present any evidence of actual innocence, he has failed to show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. <u>See</u> <u>Weeks</u>, 119 F.3d at 1352-53. Therefore, the Court's refusal to entertain petitioner's procedurally defaulted claim will not result in a fundamental miscarriage of justice.

Accordingly, for the foregoing reasons, the claim raised in Ground 2 of the instant petition is procedurally barred from federal habeas review and should be denied.

B.  <u>Ground 4 — Failure to Investigate Mental Competence and to
    Request Mental Evaluation</u>

In his fourth ground for relief, petitioner claims that trial counsel was ineffective for failing to investigate his mental competency and for failing to request the trial court to order a mental evaluation of petitioner. Petitioner claims that counsel was aware that petitioner had been previously diagnosed as mentally retarded and learning disabled, and thus was aware that further investigation into plaintiff's mental capacity was warranted. A review of the record, however, shows petitioner not to have raised this claim in his motion for post-conviction relief or on appeal of the denial of the motion.

A claim must be presented at each step of the judicial process in state court to avoid procedural default. <u>Jolly v. Gammon</u>, 28 F.3d 51, 53 (8th Cir. 1994). In Missouri, claims of ineffective assistance of trial counsel are to be brought by way of motion for post-conviction relief pursuant to Rule 29.15. <u>See</u> <u>Shigemura v. Groose</u>, 45 F.3d 250, 251 (8th Cir. 1995) (citing <u>State v. Wheat</u>, 775 S.W.2d 155, 157-58 (Mo. banc 1989)). Further, to preserve such a claim for federal habeas review, the petitioner must raise the claim on appeal from the denial of the post-conviction motion. <u>Jolly</u>, 28 F.3d at 53 (citing <u>Gilmore v. Armontrout</u>, 861 F.2d 1061, 1065 (8th Cir. 1988)). The failure to do so erects a procedural bar to federal review. <u>Id.</u> Because the petitioner here failed to raise the instant claim of ineffective

assistance of counsel in any state court proceeding, the claim is procedurally defaulted and cannot be reviewed by this Court unless the petitioner shows cause for his default and prejudice resulting therefrom, or that a fundamental miscarriage of justice would occur if the Court were not to address the merits of the claim. Coleman, 501 U.S. at 750.

In his habeas petition, petitioner appears to assert as cause that post-conviction counsel was ineffective in failing to raise the claim, arguing that counsel's conduct kept the claim "completely veiled" from petitioner. (Petn. at p. 10.) Absent a constitutional right to counsel, however, attorney error does not provide cause to overcome a procedural bar. Coleman, 501 U.S. at 752-55. Inasmuch as there is no constitutional right to effective assistance of post-conviction counsel, petitioner's claim of counsel error during the post-conviction relief process does not constitute cause sufficient to overcome the procedural default. Sweet v. Delo, 125 F.3d 1144, 1151 (8th Cir. 1997); Jolly, 28 F.3d at 54 (citing Nolan v. Armontrout, 973 F.2d 615, 617 (8th Cir. 1992)).

To the extent petitioner invokes his alleged mental incapacity itself as cause for failing to raise the instant claim, there is no evidence conclusively showing that mental illness interfered with petitioner's ability to appreciate his position and make rational decisions regarding his case during the post-

conviction process. As set out _supra_, a review of petitioner's post-conviction motion as well as his brief on appeal shows petitioner, both _pro se_ and through counsel, to have articulately presented cognizable claims of ineffective assistance of counsel. It thus appears that petitioner possessed "the capacity to appreciate his situation and make rational decisions" when considering which claims to pursue during the post-conviction process. See _Holt_, 191 F.3d at 975. As such, any mental illness purportedly suffered by petitioner does not constitute cause to excuse his procedural default.

Finally, to the extent petitioner claims he is actually innocent of the crimes of which he was convicted, petitioner has failed to present any evidence of actual innocence and thus has failed to show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. _Weeks_, 119 F.3d at 1352-53. Therefore, the Court's refusal to entertain petitioner's procedurally defaulted claim will not result in a fundamental miscarriage of justice.

Accordingly, for the foregoing reasons, the claim raised in Ground 4 of the instant petition is procedurally barred from federal habeas review and should be denied.

### V. Merits of Petitioner's Remaining Claims

In his remaining grounds for relief, petitioner contends that he received ineffective assistance of trial and/or direct

appeal counsel.  Specifically, petitioner claims that trial counsel rendered ineffective assistance when he failed to object to the prosecutor's reading to the jury excerpts from the victim's medical records which referred to the robbery, arguing specifically that such reading constituted hearsay evidence and violated petitioner's rights under the Confrontation Clause.  Petitioner also claims that direct appeal counsel was ineffective for failing to raise a claim on direct appeal that the trial court committed plain error in overruling defense counsel's hearsay objection to the prosecutor's reading of the records.  Petitioner raised these claims in his motion for post-conviction relief and on appeal of the denial of the motion.  Upon review of the merits of the claims, the Missouri Court of Appeals denied relief.  (Resp. Exh. J.)

"In the habeas setting, a federal court is bound by the AEDPA [Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant habeas relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. §

2254(d); see Williams v. Taylor, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. Williams, 529 U.S. at 380-83.

A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or different than the Court's conclusion on a set of materially indistinguishable facts. Williams, 529 U.S. at 412-13; Jackson v. Norris, 651 F.3d 923, 925 (8th Cir. 2011); Carter v. Kemna, 255 F.3d 589, 591 (8th Cir. 2001). A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply. Carter, 255 F.3d at 592 (citing Williams, 529 U.S. at 407). "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Id. (quoting Williams, 529 U.S. at 410-11); see also Jackson, 651 F.3d at 925; Broom v. Denney, 659 F.3d 658, 661 (8th Cir. 2011). Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record. 28

U.S.C. § 2254(e)(1); <u>Ryan v. Clarke</u>, 387 F.3d 785, 790 (8th Cir. 2004).

A. <u>Ground 1 — Trial Counsel's Failure to Object</u>

At the time petitioner's conviction became final, the law was clearly established that the Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show that 1) his counsel's performance was deficient, and 2) the deficient performance prejudiced his defense. <u>Id.</u> at 687. In evaluating counsel's performance, the basic inquiry is "whether counsel's assistance was reasonable considering all the circumstances." <u>Id.</u> at 688. The petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> at 689. To establish prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694.

To the extent petitioner claims that counsel failed to object to the prosecutor's reading of the "robbery" language from the medical records on hearsay grounds, the Missouri Court of Appeals noted the claim to be without merit inasmuch as the record

17

showed counsel to have indeed made such an objection, albeit unsuccessfully. (Resp. Exh. J, Memo. at 4.) Because a review of the record shows counsel to have indeed made such an objection, petitioner's claim that counsel was ineffective in his failure to make a hearsay objection is without merit and should be denied.

To the extent petitioner claims that counsel was ineffective in his failure to make an objection based on the Confrontation Clause, the Missouri Court of Appeals determined that such an objection would have been without merit inasmuch as the language at issue was not testimonial in nature. (Resp. Exh. J, Memo. at 4-6.) The court of appeals therefore found that counsel was not ineffective for failing to make a nonmeritorious objection. (Id. at 6.) For the following reasons, this determination does not run afoul of clearly established federal law, and petitioner's claim should be denied.

Petitioner claims that counsel should have objected to the admission of the doctor's statement made in the surgical report — that the victim suffered the injury "while being robbed at a gas station approximately one week ago" — arguing that the admission of this statement violated his rights under the Confrontation Clause. The Confrontation Clause bars the admission at trial of the testimonial statements of a witness who is absent from trial, unless the witness is unavailable to testify and the defendant had a prior opportunity to cross-examine him. Crawford v. Washington,

541 U.S. 36 (2004). A statement is "testimonial" if the circumstances objectively indicate that its "primary purpose" is to "prove past events potentially relevant to later criminal prosecution." Davis v. Washington, 547 U.S. 813, 822 (2006). Here, the Missouri Court of Appeals determined that the primary purpose of the doctor's statement at issue was to record information about the victim's medical history giving rise to the need for surgical repair of the injury to her hand. The court further noted that the statement was "not made to government agents or as part of a criminal prosecution" but instead "was made to record information directly related to the victim's medical condition." (Resp. Exh. J, Memo. at 6.) Inasmuch as the objective circumstances surrounding the doctor's statement show that its primary purpose was not to prove past events potentially relevant to a later criminal prosecution, such statement was not "testimonial" for purposes of the Confrontation Clause. Accordingly, the court of appeals determined that any objection on such a basis would have been without merit. (Id.)

Where an underlying claim or objection has no merit, counsel's failure to raise the claim or make the objection at trial cannot constitute ineffective assistance. Dodge v. Robinson, 625 F.3d 1014, 1019 (8th Cir. 2010). See also Storey v. Roper, 603 F.3d 507, 525 (8th Cir. 2010); Burton v. Dormire, 295 F.3d 839, 846 (8th Cir. 2002) (cannot fault counsel for failing to raise issue if

no relief could possibly have been obtained); <u>Blankenship v. United States</u>, 159 F.3d 336, 338 (8th Cir. 1998) (no prejudice from counsel's failure to pursue non-meritorious issue); <u>Grubbs v. Delo</u>, 948 F.2d 1459, 1464 (8th Cir. 1991); <u>Meyer v. Sargent</u>, 854 F.2d 1110, 1115-16 (8th Cir. 1988). As such, the decision of the state court that counsel was not ineffective for failing to make a non-meritorious objection to the reading of the doctor's statement from the medical record was neither contrary to nor an unreasonable application of clearly established federal law. Nor has petitioner shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Accordingly, the claim raised in Ground 1 of the instant petition should be denied. 28 U.S.C. § 2254(d).

B. <u>Ground 3 — Direct Appeal Counsel's Failure to Raise Claim</u>

In his third ground for relief, petitioner contends that direct appeal counsel was ineffective for failing to raise on appeal a claim that the trial court erred in overruling petitioner's hearsay objection to the "robbery" language read from the victim's medical records.

At the time petitioner's conviction became final, the law was clearly established that the Sixth Amendment's guarantee to effective assistance of counsel includes effective assistance on

direct appeal. <u>Evitts v. Lucey</u>, 469 U.S. 387, 396-97 (1985). When evaluating claims of ineffective assistance of direct appeal counsel, the Court must apply the <u>Strickland</u> standard of review. <u>Pfau v. Ault</u>, 409 F.3d 933, 939 (8th Cir. 2005). As such, petitioner must show that counsel's representation fell below an "objective standard of reasonableness" and that petitioner was prejudiced as a result. <u>Strickland</u>, 466 U.S. at 687-88, 694. To demonstrate prejudice on account of counsel's failure to raise a claim on appeal, petitioner must show a "reasonable probability that an appeal of [the] issue would have been successful and that the result of the appeal would thereby have been different." <u>Pryor v. Norris</u>, 103 F.3d 710, 714 (8th Cir. 1997); <u>see also</u> <u>Pfau</u>, 409 F.3d at 939-40 (petitioner must show that but for appellate counsel's error, he would have prevailed on appeal).

In reviewing petitioner's claim of ineffective assistance of direct appeal counsel, the Missouri Court of Appeals noted that the underlying claim of trial court error in overruling petitioner's hearsay objection was not preserved for appellate review inasmuch as it was not raised in petitioner's motion for new trial. (Resp. Exh. J, Memo. at 7.) Noting that counsel is not ineffective for failing to raise unpreserved allegations of error on appeal, the court of appeals denied petitioner relief on this claim of ineffective assistance of direct appeal counsel. (<u>Id.</u>)

The decision to forego a plain error claim on appeal is

usually the result of a reasonable winnowing of weaker appellate claims.  As such, the failure to raise claims for the first time on appeal that could be reviewed only at the court's discretion and for plain error usually does not constitute unreasonable conduct on the part of appellate counsel.  Gee v. Groose, 110 F.3d 1346, 1352 (8th Cir. 1997); Reese v. Delo, 94 F.3d 1177, 1185 (8th Cir. 1996); Pollard v. Delo, 28 F.3d 887, 889-90 (8th Cir. 1994).  Absent contrary evidence, an appellate counsel's failure to raise a claim is assumed to be an exercise of sound appellate strategy. Sidebottom v. Delo, 46 F.3d 744, 759 (8th Cir. 1995).

Here, direct appeal counsel testified at the post-conviction motion hearing that she deliberately chose not to raise this unpreserved issue of trial error on appeal for three reasons: First, the issue would have been reviewed only for plain error which invokes a higher standard of review by the court of appeals; second, the statement at issue was a part of the medical records that were admitted into evidence, which she thought made it more difficult to argue error given that the challenged statement was part of a larger set of reports; and third, the victim had testified at length at trial that she had been robbed, and therefore, in counsel's opinion, the doctor's statement in the medical record was not prejudicial. (Resp. Exh. I at 24-25.)  It thus appears that counsel determined, as a matter of appellate strategy, not to raise on appeal the claim petitioner now argues

should have been raised. Nor has petitioner presented any evidence that counsel's determination not to pursue the claim was not a strategic decision. <u>See</u> <u>Collins v. Dormire</u>, 240 F.3d 724, 727 (8th Cir. 2001) (petitioner must present evidence).

"Th[e] process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." <u>Smith v. Murray</u>, 477 U.S. 527, 536 (1986) (quoting <u>Jones v. Barnes</u>, 463 U.S. 745, 751-752 (1983)). Given the unlikelihood that petitioner would have succeeded on this claim had it been raised on appeal for plain error review, it cannot be said that counsel was ineffective for determining, as a matter of sound appellate strategy, not to raise the claim.

Therefore, the decision of the Missouri Court of Appeals to deny petitioner relief on this Sixth Amendment claim was neither contrary to nor an unreasonable application of clearly established federal law. Nor has petitioner shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Accordingly, the claim raised in Ground 4 of the instant petition should be denied. 28 U.S.C. § 2254(d).

Therefore, for all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that Troy Steele, Warden of Potosi Correctional Center, be substituted for Don Roper as proper party respondent.

**IT IS FURTHER RECOMMENDED** that petitioner Delarcie Kelley Davis's petition for writ of habeas corpus (Doc. #1) be dismissed without further proceedings.

**IT IS FURTHER RECOMMENDED** that no certificate of appealability issue in this cause inasmuch as petitioner has failed to make a substantial showing that he has been denied a constitutional right.

The parties are advised that they have to and including **December 14, 2011,** by which to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

_Frederick R. Buckles_
_____
UNITED STATES MAGISTRATE JUDGE

Dated this __30th__ day of November, 2011.